UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HAWTHORNE,

        Plaintiff,                      Case Number: 08-14538

v.                                           JUDGE PAUL D. BORMAN
                                              UNITED STATES DISTRICT COURT

LINCOLN GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER:**
**(1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**
**AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment: Defendant Lincoln General Insurance Company's Motion for Summary Judgment, filed June 19, 2009 (Doc. No. 7), and Plaintiff James Hawthorne's Motion for Summary Judgment, filed July 17, 2009 (Doc. No. 10). The Court heard oral argument on the motions on August 26, 2009. For the reasons stated below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**I. BACKGROUND**

The instant case is a companion case to *Hawthorne v. Ingram Trucking and Lincoln General Insurance Company*, No. 08-12325 [hereinafter *Hawthorne I*].

Plaintiff filed the instant garnishment action on October 6, 2008, in Wayne County Circuit Court. (Notice of Removal, Request and Writ for Garnishment, 10/6/08). The parties stipulated to

the dismissal of Plaintiff's previously filed garnishment action; Plaintiff was then allowed to file an amended complaint in *Hawthorne I*. Defendant removed the second garnishment action to this Court on October 24, 2008.

On February 9, 2009, the Court held in *Hawthorne I* that the default judgment entered in Wayne County Circuit Court is a final judgment recovered against Ingram Trucking for injuries resulting from negligence, and the Magistrate Judge's conclusion otherwise was contrary to law. Order (1) Vacating the Magistrate Judge's November 4, 2008 Order, and (2) Granting Plaintiff's Motion to Limit Discovery, 7, Feb. 9, 2009, Case No. 08-12325. The Court further held that Defendant is barred from litigating Ingram Trucking's negligence liability and precluded from taking discovery on the liability and damages issues. (*Id*. at 11).

On April 16, 2009, in light of the Court's earlier decision that the default judgment Plaintiff obtained in Wayne County Circuit Court is a final judgment recovered against the insured for injuries resulting from negligence, the Court granted Plaintiff summary judgment on his MCS-90 claim. Order (1) Granting, in part, and Denying, in part, Plaintiff's Motion for Summary Judgment, and (2) Denying Plaintiff's Motion to Dismiss, 3-4, April 16, 2009, Case No. 08-12325.

Thereafter, the Court entered a judgment in *Hawthorne I* for Plaintiff and against Defendant Lincoln General Insurance Company, in the amount of $750,000. (Doc. No. 68).

Presently before the Court are the parties cross-motions for summary judgment in Plaintiff's garnishment action. At issue is whether Plaintiff may garnish, or claw back, the payments for insurance coverage Ingram Trucking paid to Lincoln General, that formed the basis for Plaintiff collecting the $750,000 from Lincoln General, in order to satisfy the default judgment a state court entered against Ingram Trucking.

2

## II. ANALYSIS

Defendant argues it is entitled to summary judgment because Plaintiff's garnishment action is duplicative of his complaint in *Hawthorne I*, and is barred by *res judicata*. (Def.'s Mot. 3-4). Plaintiff responds that the garnishment action is not duplicative of *Hawthorne I* because the garnishment action is "based on the fact that Lincoln General rescinded the underlying insurance policy without repaying the premiums." (Pl.'s Resp. 3). Plaintiff further argues that *res judicata* does not bar this action because the garnishment action is not a subsequent action to the MCS-90 action, the garnishment action does not raise any issue litigated in *Hawthorne I*, and the operative facts giving rise to the two actions are different. (Pl.'s Resp. 5).

Mich. Comp. Laws § 600.4011 authorizes courts to "apply . . . property or obligation, or both, to the satisfaction of a claim evidenced by contract, judgment of this state, or foreign judgment." Postjudgment garnishment actions are governed by MCR 3.101. *Nationsbanc Mortgage Corp v. Luptak*, 243 Mich. App 560, 564 (2000). Pursuant to section (D) of MCR 3.101, the clerk of the court that entered the judgment must issue a writ of garnishment:

> [I]f the plaintiff, or someone on the plaintiff's behalf, makes and files a statement verified in the manner provided in MCR 2.114(A) stating:
> (1) that a judgment has been entered against the defendant and remains unsatisfied;
> (2) the amount of the judgment and the amount remaining unpaid;
> (3) that the person signing the verified statement knows or has good reason to believe that
>   (a) a named person has control of property belonging to the defendant,
>   (b) a named person is indebted to the defendant, or
>   (c) a named person is obligated to make periodic payments to the defendant.

Under the court rule, if there is a dispute regarding a garnishee defendant's liability, the issue is tried in the same manner as other civil actions. MCR 3.101(M)(1). The plaintiff's verified statement made in support of a request for a writ of garnishment serves as the complaint, and the

3

garnishee's disclosure serves as the answer. MCR 3.101(M)(2). The garnishee must reveal its liability to the principal defendant in the disclosure, but a general denial of liability is sufficient. MCR 3.101(H)(1). In general, the plaintiff may not recover against a garnishee defendant unless the principal defendant has a right to recovery. *Poelman v. Payne*, 332 Mich. 597 (1952).

Plaintiff obtained an uncontested judgment against Ingram Trucking in state court in the amount of $942,000. When Ingram Trucking did not, and presumably could not, pay the judgment, Plaintiff filed a garnishment action against Lincoln General, which Lincoln General subsequently removed to this Court. The parties stipulated to the dismissal of the garnishment action, and Plaintiff filed an amended complaint asserting a claim based on MCS-90. That case is *Hawthorne I*. This Court ultimately granted Plaintiff relief on his MCS-90 claim, which was premised on the default judgment Plaintiff obtained against Ingram Trucking, which Lincoln General had insured, and entered a judgment for Plaintiff in the amount of $750,000. The only reason Plaintiff was able to proceed with a MCS-90 claim was because Plaintiff had already obtained a judgment against Ingram Trucking, an interstate carrier insured by Lincoln General. This Court has ruled that Lincoln General is obligated to pay $750,000 of the judgment entered against Ingram Trucking in state court. Plaintiff is trying to collect even more on the original state court judgment by filing this second garnishment action.

If Plaintiff is saying that Defendant Lincoln General was not the insurer of Ingram Trucking then this Court should withdraw its former judgment in favor of Plaintiff and against Lincoln General for $750,000. But Plaintiff wants to keep that judgment.

The Court concludes that Plaintiff's second garnishment action is duplicative of *Hawthorne I*, and barred by *res judicata.*

4

The doctrine of res judicata "bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v. Clean Cut Mgt, Inc*, 463 Mich. 569, 575 (2001). Res judicata requires that: (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies. *Peterson Novelties, Inc v. City of Berkley*, 259 Mich. App. 1, 10 (2003).

Plaintiff's garnishment claim is a subsequent action between the same parties, based on the same essential facts. *Hawthorne I* was decided on the merits. Plaintiff brought a MCS-90 claim against Lincoln General and, after the issue was fully briefed and argued, this Court granted Plaintiff summary judgment. Thereafter, this Court entered a judgment on behalf of Plaintiff, which constitutes a final decision in this case. Also, Plaintiff's right to garnish the insurance premiums is an issue that could have been raised and resolved in *Hawthorne I*. Plaintiff has offered no reasonable explanation as to why he could not have asserted his right to garnish the insurance payments in *Hawthorne I*. In fact, Plaintiff had filed for a writ of garnishment in *Hawthorne I*, only to withdraw it voluntarily and file an amended complaint asserting a MCS-90 claim. Nonetheless, once this Court entered default judgment for Lincoln General on Lincoln General's third-party complaint, Plaintiff could have raised this issue. He did not. Lastly, the instant action is predicated on the same operative facts and involves the same parties as *Hawthorne I*. Accordingly, Plaintiff's garnishment action is barred by res judicata and Defendant is entitled to summary judgment.

In addition, the Court notes that Plaintiff has not shown, either legally or factually, that he is entitled to step in the shoes of Ingram Trucking and garnish the insurance premiums Ingram Trucking paid to Lincoln General. Plaintiff's bare assertion that he is a judgment creditor and,

5

therefore, entitled to garnish the insurance premiums is not sufficient proof that Plaintiff has a legal right to collect the insurance premiums. Therefore, even if Defendant had not met its summary judgment burden, Plaintiff's motion for summary judgment would be denied.

## III. CONCLUSION

For the reasons discussed above, the Court:

(1) **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 7); and

(2) **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 10).

SO ORDERED.

S/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 3, 2009.

S/Denise Goodine<br>
Case Manager